UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    555 Fourth St., N.W.<br>    Washington, D.C.  20530<br><br>                    Plaintiff,<br><br>        v.<br><br>$9,436.00 IN UNITED STATES CURRENCY,<br><br>                    Defendant. | )<br>)<br>)<br>)<br>) Civil Action No.:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

*COMES NOW*, plaintiff United States of America, by and through its attorney, the United States Attorney for the District of Columbia, to bring this verified complaint in a civil action *in rem* for defendant's forfeiture to plaintiff.  As grounds wherefore, plaintiff respectfully states as follows:

### NATURE OF THE ACTION AND DEFENDANT *IN REM*

1. This is a civil action *in rem* to forfeit and condemn to the use and benefit of plaintiff United States of America the defendant personal property of $9,436.00 in U.S. currency seized from a residence located at 3520 Commodore Joshua Barney Drive, N.E., #101, Washington, D.C., on June 19, 2007.  Plaintiff brings this action pursuant to 21 U.S.C. § 881(a)(6).

### JURISDICTION, VENUE, AND GOVERNING LAW

2. This Court has original jurisdiction of this civil action by virtue of 28 U.S.C. § 1345 because it has been commenced by the United States, and by virtue of 28 U.S.C. § 1355(a), because it is an action for the recovery and enforcement of a forfeiture under an Act of Congress.  Venue is proper in this district by virtue of 28 U.S.C. § 1355(b)(1) because this is a forfeiture

action or proceeding brought in the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred, and by virtue of 28 U.S.C. § 1395 because a civil proceeding for the forfeiture of property may be prosecuted in the district in which the property is found.  The property to be forfeited now is located in the District of Columbia in the control of an agency of the United States Government, having been deposited into the Seized Asset Deposit Fund Account, which the U.S. Marshals Service ("USMS") administers.

3.  This civil action *in rem* for forfeiture is governed by 21 U.S.C. § 881, 18 U.S.C. § 983, the Federal Rules of Civil Procedure, and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, particularly Rule G.

**STATEMENT OF FACTS**

4.  On June 12, 2007, a grand jury handed up an indictment in the United States District Court for the District of Columbia in United States v. Lonnell G. Glover, *et al.*, Criminal Number 07-0153 (ESH) (hereinafter called, "the indictment").  The indictment charged Lonnell Glover, Daniel Thompson, and other defendants with an unlawful Conspiracy to Distribute and Possess With Intent to Distribute and One Kilogram or More of Phencyclidine and One Kilogram or More of Heroin, in violation of 21 U.S.C. § 846, a provision of the Controlled Substances Act (hereinafter called, "the conspiracy").  The indictment charged that the conspiracy lasted from on or about August 1, 2005, up to and including June 11, 2007, and took place in the District of Columbia, Maryland, and elsewhere.

5.  On June 19, 2007, law enforcement officers executed a search warrant issued by the United States District Court for the District of Columbia at 3520 Commodore Joshua Barney Drive, N.E., #101, Washington, D.C., a one bedroom apartment.

6. Daniel Thompson was the only person present when law enforcement officers entered the apartment to execute the search warrant.

7. On June 19, 2007, Daniel Thompson was the lessee of the apartment and resided at 3520 Commodore Joshua Barney Drive, #101, N.E., Washington, D.C.

8. Law enforcement officers recovered a total of $9,436 in U.S. currency from several areas in the apartment.

9. Of the $9,436 recovered, over $7,000 was located in an entertainment center in the bedroom of the apartment.

10. Law enforcement officers found a ziplock bag containing heroin in the entertainment center next to an envelope containing some of the cash.

11. Law enforcement officers found heroin, oxycodone, and marijuana in a night-stand in the bedroom.

12. Law enforcement officers found two digital scales in the bedroom and one scale in the kitchen of the apartment.

13. Drug paraphernalia used to package illegal substances, including, but not limited to small ziplock bags and razor blades, was found in the apartment.

14. Upon information and belief, Daniel Thompson had no lawful employment at the time of the seizure.

15. After the FBI took custody of the defendant $9,436.00, the FBI began procedures to forfeit the defendant property to the United States government by an administrative, non-judicial process, and the FBI gave notice of this to Daniel Thompson.

16. On or about September 4, 2007, the FBI received a written claim of ownership of the

defendant property from Rita Thompson-Joyner, acting as power of attorney on behalf of her brother, Daniel Thompson. Certifying "under penalty of perjury" that it was true, Rita Thompson-Joyner stated that the seized cash represented Daniel Thompson's savings, a recent pay-off of an insurance claim, and funds from his grandson's bank. After receiving this claim, the FBI halted the administrative forfeiture process and referred the matter for forfeiture through the judicial process.

### **COUNT ONE**

17. The factual statements made in paragraphs 1 through 16 are re-alleged and incorporated by reference herein.

18. Plaintiff brings this *in-rem* civil action because 21 U.S.C. § 881(a)(6) makes subject to forfeiture to the United States and declares that no property right shall exist in "all proceeds traceable" to an exchange of "moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation" of the Controlled Substances Act, 21 U.S.C. § 801, *et seq*. 21 U.S.C. § 841(a)(1) declares that it is unlawful to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance. Section 846 declares that any person who conspires to commit any offense defined in the Controlled Substances Act shall be subject to the same penalties as those prescribed for the offense whose commission was the object of the conspiracy.

19. The defendant property constitutes proceeds traceable to an exchange of money or other things of value for a controlled substances on one or more occasions in violation of the Controlled Substances Act, specifically, 21 U.S.C. §§ 841, 846. As such, the defendant property

is subject to forfeiture to the United States.

WHEREFORE, the plaintiff prays that, as to the above-referenced defendant property, due process issue according to law; that, pursuant to law, notice be provided to all interested parties to appear and show cause why the forfeiture should not be decreed and the defendant property be condemned as forfeited to the United States of America; and for such other and further relief as this Court may deem just, necessary and proper.

Respectfully submitted,

_/s/_____
JEFFREY TAYLOR
UNITED STATES ATTORNEY
District of Columbia Bar No. 498610


_/s/_____
WILLIAM R. COWDEN
Assistant United States Attorney
District of Columbia Bar No. 426301


_/s/_____
DIANE G. LUCAS,
Assistant United States Attorney
District of Columbia Bar No. 443610
555 4th St., N.W., Room 4822
Washington, D.C. 20530
(202) 514-7912
Diane.Lucas@usdoj.gov

## **VERIFICATION**

I, Timothy S. Pak, Acting Supervisory Special Agent with the Federal Bureau of Investigation, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing Verified Complaint for Forfeiture *In Rem* is based upon reports and information known to me or furnished to me by law enforcement agents and that everything contained in this Complaint is true and correct to the best of my knowledge and belief.

Executed on this _____ day of November, 2007.

                                                                                    _____
                                                                                    Timothy S. Pak
                                                                                    Acting Supervisory Special Agent
                                                                                    Federal Bureau of Investigation

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| United States of America | Property Identified as $9,436.00 in United States Currency |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☒ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

21 U.S.C. section 881 (violation of Substance Control Act)

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ _____   Check YES only if demanded in complaint   JURY DEMAND: ☐ YES   ☒ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☒ YES   ☐ NO   If yes, please complete related case form.

DATE 11/29/07   SIGNATURE OF ATTORNEY OF RECORD   Diane G. Lucas   /s/

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form