**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 1:07-cv-02155-ESH |
| | ) |
| $9,436.00 | ) **ORAL HEARING REQUESTED** |
| IN UNITED STATES CURRENCY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MOTION OF CLAIMANT RITA S. THOMPSON-JOYNER**
**TO DISMISS THE COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), and pursuant to Rules E(2)(a) and G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Claimant, Rita S. Thompson-Joyner ("Ms. Thompson-Joyner") respectfully requests that the Court dismiss the Complaint. The Complaint fails to allege sufficient facts to support a reasonable belief that the property, $9,436.00 in cash, is subject to forfeiture.

**STATEMENT OF POINTS AND AUTHORITIES**
**IN SUPPORT OF MOTION OF RITA S. THOMPONS-JOYNER TO DISMISS**

The Complaint alleges that this is a civil forfeiture action in which the government seeks to forfeit $9,436.00 in cash. Compl. ¶ 1. As alleged in the Complaint, the cash was found by law enforcement officers executing a search warrant at an apartment alleged to be the residence of Daniel Thompson ("Mr. Thompson"). Compl. ¶¶ 5, 7-9. According to the Complaint, the cash was found "in several areas of the apartment". *Id.* ¶¶ 8, 9. No further details – indeed, no facts whatsoever – are alleged stating that Mr. Thompson obtained this currency through illegal drug transactions. These allegations do not meet the heightened pleadings standards for civil

forfeitures.  Indeed, they do not even meet the usual civil pleading standards under the Federal rules.

### A.    The Government Must Plead Particular Facts to Support a Reasonable Belief that the Property is Subject to Forfeiture

In civil forfeiture actions, the government bears the burden of proving, by a preponderance of the evidence, that the subject property is "subject to forfeiture."  18 U.S.C. § 983(c)(1).  To prove that currency is "subject to forfeiture," the government must prove that it:

- was "furnished or intended to be furnished by any person in exchange for a controlled substance"; or

- is "proceeds traceable to such an exchange"; or

- was "used or intended to be used to facilitate" such an exchange.

21 U.S.C. § 881(a)(6).

To survive a motion to dismiss under Rule 12(b)(6), the government must plead facts sufficient to support a reasonable belief that the property is subject to forfeiture.  *United States v. Mondragon*, 313 F.3d 862, 865-66 (4th Cir. 2002); *United States v. $49,000 Currency*, 330 F.3d 371, 376 n.8 (5th Cir. 2003).  In this case, the government alleges that the $9,436.00 are "proceeds traceable to an exchange of money or other things of value for a controlled substance."  Compl. ¶ 19.  Thus, to survive a motion to dismiss under Rule 12(b)(6), the government must plead facts sufficient to support a reasonable belief that the $9,436.00 was traceable to such an exchange.

In addition, the government must plead these allegations with "particularity."  Complaints in civil forfeiture actions carry the heightened pleadings requirements of Rules E(2)(a) and G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  Supplemental Rule E(2)(a) requires that the Complaint "state the circumstances from

which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading." Fed. R. Civ. P. Supp. E()2(a).  Supplemental Rule G requires the Complaint, among other things, to

> (c ) if the property is tangible, state its location when any seizure occurred and – if different – its location when the action is filed;
>
> and
>
> (f) *state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial*.

Fed. R. Civ. P. Supp. G (emphasis added).  *See, e.g., United States v. Mondragon*, 313 F.3d 862, 865-66 (4th Cir. 2002) (discussing pleading standards for civil forfeiture actions); *United States v. All Assets Held at Bank Julius Baer & Co.,* 2008 WL 2700304 (D.D.C. July 9, 2008) (same).

In evaluating a motion to dismiss, the Court may accept as true the allegations pleaded in the Complaint. *Bell Leatherman v. Tarrant County Narcotics & Coordination Unit*, 507 U.S. 163, 164 (1993).  However, the Court need not "accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint," and the Court should not "accept legal conclusions cast in the form of factual allegations."  *Kowal v. MCI Commc'ns. Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994); *Bell Atlantic v. Twombly*, 127 S. Ct. 1995, 1964-65 (2007).

## B.    The Government Fails to Plead Particular Facts to Support a Reasonable Belief that the Property is Subject to Forfeiture

In this case, the Complaint alleges no facts – let alone facts with "particularity" – sufficient to support a reasonable belief that the $9,436.00 are "proceeds traceable to an exchange of money or other things of value for a controlled substance."  Compl. ¶ 19.  The complaint should therefore be dismissed.

The Complaint alleges that

- the currency was found in "several areas" within an apartment alleged to be the residence of Mr. Thompson.  Compl. ¶¶ 7, 8.

- $7000 of the currency was found in an entertainment center in the apartment.  Compl. ¶ 9.

- a ziplock bag containing an unspecified amount of heroin was "next to" an envelope containing "some" unspecified amount of the cash.  Compl. ¶ 10.

- unspecified amounts of heroin and marijuana were found in the apartment.  Compl. ¶ 11.

- digital scales, small ziplock bags and razor blades were found in the apartment.  Compl. ¶ 13.

- "upon information and belief," Mr. Thompson was unemployed at the time of the seizure.  Compl. ¶ 14.

Next to no details are alleged as to the manner of storage or condition of the seized currency.  No facts are alleged stating that the currency was obtained through illegal drug transactions.  No facts are alleged that Mr. Thompson was involved in any illegal drug transactions.  Although the Complaint refers to an indictment of Mr. Thompson for conspiracy (¶ 4), that indictment likewise contains no factual details whatsoever.  *See* Exhibit A (Indictment, *United States v. Glover et al.*, Criminal Case Number 07-01533 (ESH)).  Apart from alleging that a portion of the cash was found in an entertainment center, and some unspecified portion of *that* was found next to some heroin, *id.* ¶¶ 9,10, no facts are alleged as to the location of the currency.

At most, the government's allegations would, if proved, establish that $9,436 was in an apartment where some unspecified amount of controlled substances, and household items alleged to be drug "paraphernalia," were found.  There is no allegation connecting the currency to an exchange of controlled substances.  Thus, even if all of these facts alleged in the Complaint were

ultimately proved, those facts would be insufficient to carry the government's burden to prove that the cash was "proceeds traceable to such an exchange" and thus subject to forfeiture. *Cf. United States v. Wright*, 610 F.2d 930, 941-42 (D.C. Cir. 1979) (in a case vacating denial of motion for return of $600 seized pursuant to a warrant, government could not forfeit money solely on grounds that claimants pleaded guilty to drug charges, money was found where claimants lived, and claimants did not have jobs).

In *United States v. $39,000 in Canadian Currency, et al.*, 801 F.2d 1210 (10th Cir. 1986), when evaluating the sufficiency of a complaint against the standards in Supplemental Rule E, the Court of Appeals affirmed dismissal of a complaint that "specifie[d] no date or location of any purported or intended exchange, no dollar amount of such an exchange, no specific type or quantity of controlled substance, and no identified participant." *Id.* at 1219-20.  The Court held that the complaint "fails to assert facts supporting a reasonable inference that the money was involved in a drug transaction*." Id*. at 1220.  Addressing allegations in support of forfeiture of a car, the Court noted that the complaint failed to allege facts regarding the purchase of the car and did not allege that the claimants lacked lawful sources of income, and found that the "lack of specific factual support" for the accusations of illegal conduct "do not support an inference that the property is subject to forfeiture." *Id.* at 1220-21.  The instant Complaint suffers the same flaws, and it should be dismissed.

Where civil forfeiture complaints have survived motions to dismiss, the government's allegations contained substantially more than has been alleged here.  For example, in *United States v. Mondragon*, the government alleged that $500,684 in currency found in a hidden compartment in a vehicle was obtained through illegal drug transactions.  The Court specifically

held that the following facts, by themselves, "do not . . . show a sufficient connection between the currency and drug trafficking to satisfy the pleading requirements":

- what currency was seized

- how it was packaged

- when it was seized

- where it was seized

- by whom it was seized.

313 F.3d. at 866. The Court denied a motion to dismiss, however, only because the complaint *also* alleged specific facts connecting the currency to drug trafficking, such as:

- the very large sum of currency ($500,000) was found in a car and in unusual packaging;

- the currency was in a hidden compartment;

- which an experience officer stated, in an incorporated affidavit, was typical of compartments used by professional drug traffickers; and

- a drug-detecting dog alerted in the area of the hidden compartment where the currency was stored.

313 F.3d at 864, 866.  No such additional facts were alleged here.

Likewise, when the Sixth Circuit affirmed the denial of a motion to dismiss in *United States v. Real Property Located at 232 Charms Road, Milford Tp., Oakland County, Mich.*, 946 F.2d 437 (6th Cir. 1991), it cited extensive allegations in the complaint supporting a reasonable belief of the property's connection to illegal activity, including information that the property's owner was a cocaine-supplier, prior drug contacts of the putative owner, and alerts by a drug-detection dog.  *Id.* at 442.  *See also United States v. $79,321*, 522 F. Supp. 2d 64, 66, 72 (D.D.C. 2007) (denying motion to dismiss where complaint alleged not only date and location of seizure, but also many additional details).

The government makes no similar allegations here.  The allegations here contain even less detail than the *Mondragon* court stated would be insufficient.  The Complaint in this case alleges what currency was seized, when it was seized, and by whom it was seized, but scant details as to where it was seized or how it was packaged.  Compl. ¶¶  9, 10.  Most significantly, there are no allegations in this Complaint to support the conclusorily stated inference that the currency was connected to illegal drug trafficking, as there were in *Mondragon* and the other cases described above.

Without allegations specifically connecting the currency to alleged exchanges of controlled substances, the government has failed to allege facts sufficient to state a claim that the currency is subject to forfeiture.  Accordingly, the Court should dismiss the Complaint.

## Conclusion

For the foregoing reasons, Claimant Rita Thompson-Joyner respectfully requests that the Court dismiss the Complaint.

Respectfully submitted,

/s/ Ann M. Mason_____
Elizabeth W. Newsom (D.C. Bar No. 445014)
Ann M. Mason (D.C. Bar No. 491902)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC  20004
Telephone:  (202) 508-8802
Facsimile:  (202) 628-5116

July 22, 2008

**EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on May 11, 2006

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL NO. |
| | : | |
| v. | : | GRAND JURY ORIGINAL |
| | : | |
| LONNELL G. GLOVER, | : | Violations: |
| VELMA WILLIAMS, | : | |
|   also known as MA, | : | 21 U.S.C. §§ 846 |
|   also known as "MOTHER," | : | (Conspiracy to Distribute and Possess |
| JOHN SMITH, | : | With Intent to Distribute One Kilogram |
|   also known as"SMITTY," | : | or More of Phencyclidine, and One |
| HERBERT FRANCIS YOUNG, | : | Kilogram or More of Heroin) |
| CORNELL ANTHONY GLOVER, | : | |
|   also known as "TONY," | : | 21 U.S.C. §853 |
| COOLERIDGE BELL, | : | (Criminal Forfeiture) |
|   also known as "COOLRIDGE BELL," | : | |
|   also known as "CARLTON BELL, | : | |
| CHARLES GLADDEN, | : | |
|   also known as "BOONE," | : | |
| DANIEL MAURICE THOMPSON, | : | |
| HENRY BROWN, | : | |
|   also known as "HB," | : | |
| LESLIE WOOD, | : | |
|   also known as "DIAMOND," | : | |
| CHRISTIAN DONALDSON, | : | |
| DIANE HOLMES, | : | |
| JAMES TAYLOR, | : | |
| JEROME HAMPTON, | : | |
|   also known as "JAY," | : | |
| JOE BROWN, JR., | : | |
|   also known as "PUMPKIN," | : | |
| JOHN WASHINGTON, | : | |
|   also known as "HEAD," | : | |
|   also known as "HEADS," | : | |
| RONALD COOK, | : | |
| LENA BROWN, | : | |
| JOHN FRANKLIN CRUM, | : | |
|            Defendants. | : | |

## INDICTMENT

_____The United States Attorney charges that:

### COUNT ONE

From on or about sometime in August 1, 2005, the exact date being unknown to the Grand Jury, and continuing thereafter up to and including at least June 11, 2007, in the District of Columbia, the District of Maryland, the Eastern District of New York, the Southern District of New York, the Northern District of Georgia, the Eastern District of Missouri, the Central District of California, and elsewhere, **LONNELL G. GLOVER, VELMA WILLIAMS, also known as MA, also known as "MOTHER," JOHN SMITH, also known as"SMITTY," HERBERT FRANCIS YOUNG, CORNELL ANTHONY GLOVER, also known as "TONY," COOLERIDGE BELL, also known as "COOLRIDGE BELL," also known as "CARLTON BELL, CHARLES GLADDEN, also known as "BOONE," DANIEL MAURICE THOMPSON, HENRY BROWN, also known as "HB," LESLIE WOOD, also known as "DIAMOND," CHRISTIAN DONALDSON, DIANE HOLMES, JAMES TAYLOR, JEROME HAMPTON, also known as "JAY," JOE BROWN, JR., also known as "PUMPKIN," JOHN WASHINGTON, also known as "HEAD," also known as "HEADS," RONALD COOK, LENA BROWN, JOHN FRANKLIN CRUM, did unlawfully, knowingly and intentionally combine, conspire, confederate and agree together and with ANTHONY MAURICE SUGGS, also known as "APPLEJACK," JULIAN JOHNSON, also known as "JUJU," also known as "JU," JAMES LAWRENCE PARKER, also known as "YOGI," ERNEST MILTON GLOVER, also known as "FISH," GLENDALE EARL LEE, also known as "GLEN," HELERY PRICE, also known as "BROTHER," NGOZI JOY, also known as "NIKKI,"** co-conspirators not indicted herein, and with others known and unknown to the Grand Jury, to unlawfully, knowingly, and intentionally

possess with intent to distribute and distribute a mixture and substance containing a detectable amount of phencyclidine, a Schedule I controlled substance, and the quantity of said mixture and substance was one kilogram or more, and a mixture and substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance, and the quantity of said mixture and substance was one kilogram or more, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(iv) and 841(b)(1)(A)(i).

(**Conspiracy to Possess With Intent to Distribute and to Distribute One Kilogram or More of Phencyclidine and One Kilogram or More of Heroin**, in violation of Title 21, United States Code, Section 846)

## FORFEITURE ALLEGATION

1. The violation alleged in Count One of this Indictment is realleged and incorporated by reference herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 21, United States Code, Section 853.

2. As a result of the offense alleged in Count One, the defendant(s) in this Indictment, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from proceeds obtained directly or indirectly, as a result of the said violation and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violation, including but not limited to:

(a)    Money Judgment:

(i) a sum of money equal to the total amount of money, representing the amount of proceeds obtained as a result of the offense, conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, one kilogram or more of phencyclidine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(a)(i) and (iv) for which the defendants are jointly and severally liable;

(b)    Real Property:

(i) the real property described as 1820 M Street, N.E., Washington, D.C., further described as a semi-detached brick dwelling, lot numbered 114 in the square numbered 4445, in the subdivision made by the Shelbourne Company, Inc., as per plat recorded in Liber 89 at folio 16 in the Office of the Surveyor for the District of Columbia;

(ii) the real property described as 3417 B Street, S.E., Washington, D.C., further described as lot 40 in square 5418 in a subdivision made by Morris H. Ginsburg and Julius H. Ginsburg, as per plat recorded in Liber 130 at folio 13 in the Office of the Surveyor for the District of Columbia;

(iii) the real property described as 1338 W Street, S.E., Washington, D.C., further described as lot 801 in square 5781 and as lot 183 and the west 4 foot front by the full depth of the lot numbered 184 in Fox, Van Hook and Dobler's subdivision known as Uniontown, now known as Anacostia, as per plat recorded in book Levy County 2, page 83 in the Office of Surveyor for the District of Columbia;

(iv) the real property described as 9002 Old Palmer Road, Fort Washington, Maryland, further described as lot numbered 1 in block A in the subdivision known as Plat No, One, Hunters Mill Woods, as per plat thereof recorded in Plat Book NLP 104 at Plat No. 19, among the Land Records of Prince George's County, Maryland, being in the 5th Election District;

(v) the real property described as 4908 Brentley Road, Temple Hills, Maryland, further described as lot 114 in a subdivision known as Section 2, Woodlane, as per plat thereof recorded in Plat Book WWW 30 at Plat No. 65, among the Land Records of Prince George's County, Maryland; and

(c)    United States Currency:

i) $175,091.00 in U.S. currency, seized from Cardinal
Marshall on June 3, 2007.

By virtue of the commission of the felony offense charged in Count One of this Indictment, any and

all interest that the defendant(s) have in the property constituting, or derived from, any proceeds

obtained, directly or indirectly, as the result of the charged conspiracy or used, or intended to be

used, to facilitate the charged conspiracy, is vested in the United States and hereby forfeited to the

United States pursuant to Title 21, United States Code, Section 853.

3. If any of the property described above as being subject to forfeiture pursuant to Title 21,

United States Code, Section 853, as a result of any act or omission of the defendant(s):

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property that cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of said defendant(s) up to the value of said property listed above

as being subject to forfeiture.

(**Criminal Forfeiture**, in violation of Title 21, United States Code, Sections 853 and 853(p).)

A TRUE BILL:

FOREPERSON.

Attorney for the United States in
and for the District of Columbia

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 1:07-cv-02155-ESH |
| | ) |
| $9,436.00 | ) |
| IN UNITED STATES CURRENCY, | ) |
| | ) |
| Defendant. | ) |

**<u>ORDER</u>**

Upon consideration of the Motion of Claimant Rita S. Thompson-Joyner to

Dismiss the Complaint, the government's response, Claimant's reply, and the entire

record, it is by the Court this _____ day of _____, 2008,

ORDERED that Claimant's motion is GRANTED, and it is further

ORDERED that the Complaint is dismissed.


_____
HONORABLE ELLEN SEGAL HUVELLE
UNITED STATES DISTRICT JUDGE