UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | C.A. No. 1:07-cv-02155-ESH |
| $9,436.00 IN UNITED STATES CURRENCY, | ) ) ) ) ) | |
| Defendant. | ) ) | |

**Unopposed Motion of Claimant Rita S. Thompson-Joyner for Extension of Time to Respond to Government's First Set of Special Interrogatories, and Motion of Claimant Rita S. Thompson-Joyner for a Stay of Discovery on the Merits Pending Resolution of the Motion to Dismiss**

Claimant Rita S. Thompson-Joyner ("Ms. Thompson-Joyner") respectfully requests that this Court grant:

1)   an order extending by twenty days the deadline for Ms. Thompson-Joyner to respond to the Government's First Set of Special Interrogatories ("the Special Interrogatories"); and

2)   an order, pursuant to Federal Rule of Civil Procedure 26(c) and Rule G(6) of the Rule G(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, staying discovery on the merits of this action, including but not limited to a stay of Ms. Thompson-Joyner's obligation to respond to those Special Interrogatories that do not relate to claimant's "identity" and "relationship to the defendant property," until 30 days after this Court rules on the Motion of Claimant Rita S. Thompson-Joyner to Dismiss the Complaint, filed July 22, 2008.

Pursuant to Local Rule of Civil Procedure 7(m), on August 15, 2008, counsel for Ms. Thompson-Joyner and counsel for the Government conferred by telephone regarding the requested relief.  Counsel for the Government represented that the Government does not oppose a twenty-day extension for Ms. Thompson-Joyner to respond to the Government's First Set of Special Interrogatories.  The Government opposes Ms. Thompson-Joyner's request for a stay of discovery on the merits.

## Points and Authorities in Support of the Foregoing Motions

On July 22, 2008, Ms. Thompson-Joyner filed a motion to dismiss the Complaint. Ms. Thompson's motion demonstrated that the Government's Complaint fails to allege facts sufficient to support its claim that the defendant property is subject to forfeiture. *See* Docket No. 5, filed July 22, 2008.  If the Court grants that motion to dismiss, the Complaint will be dismissed and there will be no need for discovery on the merits of this action.

The Government has not responded to the motion to dismiss.  Instead, the Government filed a "notice" dated July 30, 2008, stating that it had served "Special Interrogatories" pursuant to Rule G(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions ("Supplemental Rule G(6)").  The Government stated that the Special Interrogatories concerned Ms. Thompson-Joyner's "identity and relationship" to the subject property, and were served, according to the Government, "in order to assess whether she possesses standing to assert a claim on behalf of the defendant currency and thus standing to move to dismiss." *See* Notice of Service of Special Interrogatories, Docket No. 6, filed July 30, 2008.  The Government

asserted that its obligation to respond to the motion to dismiss is "deferred" until 20 days after receiving responses from Mr. Thompson-Joyner to the Special Interrogatories. *Id*.

However, as is explained in Part B, below, the Special Interrogatories served by the Government are not limited to the "identity" of Ms. Thompson-Joyner and her "relationship" to the subject property. Instead, the Special Interrogatories go well beyond facts necessary to establish the standing of Ms. Thompson-Joyner, and they inquire about a broad range of facts going to the merits of the Government's forfeiture action.

It is improper, and potentially a waste of resources, for the Government to conduct discovery on the merits before the Court resolves the predicate issue of whether the Complaint alleges sufficient facts to state a claim. Ms. Thompson-Joyner accordingly seeks a stay of discovery on the merits of this action pending the Court's resolution of the motion to dismiss. Specifically, Ms. Thompson-Joyner seeks an order that she is only obligated to respond to the Special Interrogatories to the extent they inquire about the limited topics permitted for discovery at this stage: her "identity" and "relationship" to the subject property.

Regardless of the outcome on these issues, Ms. Thompson-Joyner also respectfully requests, without opposition from the Government, a twenty day extension of time to respond to the balance of the Government's Special Interrogatories to the extent they inquire into her identity and relationship to the defendant property, for the reasons discussed in Part A, below.

**A.    The Court Should Grant the Requested Extension Because it Will Not Prejudice the Government or Alter the Court's Calendar, and the Extension is Unopposed**

The Court should grant Ms. Thompson-Joyner a brief, twenty-day extension of time in which to respond to the Special Interrogatories. The Government does not oppose this extension.

The Government served its First Set of Special Interrogatories ("the Special Interrogatories") on Ms. Thompson-Joyner by mail on July 30, 2008, purportedly pursuant to Rule G of the Supplemental Rules for Certain Admiralty and Maritime Claims ("Supplemental Rule G"). Ms. Thompson-Joyner requests a brief, twenty-day extension of time to respond in order to complete her investigation of facts necessary to respond. Ms. Thompson-Joyner's responses are currently due on August 22, 2008; the requested extension would move this due date to September 11, 2008.

An extension is necessary because of pre-arranged travel schedules of counsel. As no trial date or status conference has been set in case, neither party will be prejudiced by this brief extension of time, nor will the requested extension affect the Court's calendar. This is Ms. Thompson-Joyner's first request for an extension of time in this case, and, as noted above, the Government does not oppose it.

**B.    The Court Should Stay Discovery on the Merits Until the Court Resolves Ms. Thompson-Joyner's Motion to Dismiss the Complaint**

In addition to granting Ms. Thompson-Joyner's requested extension, pursuant to the Court's authority under Federal Rule of Civil Procedure 26(c) to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," Ms. Thompson-Joyner respectfully requests

4

that this Court stay discovery relating to the merits of this action until the Court resolves the motion to dismiss. Specifically, the Court should limit Ms. Thompson-Joyner's obligation to respond to the Special Interrogatories except to the extent that those Special Interrogatories inquire about the limited areas permitted by Supplemental Rule G(6): *i.e.*, Ms. Thompson-Joyner's "identity" or "relationship" to the defendant property.

The basis for Ms. Thompson-Joyner's motion to dismiss is that the Government's Complaint fails to state a claim upon which relief can be granted. Ms. Thompson-Joyner has a right to have the Court evaluate the sufficiency of the Complaint – *i.e.*, whether this case should go forward at all – before being put to the burden of responding to discovery on the merits. If this Court grants Ms. Thompson-Joyner's motion to dismiss, there will be need for no discovery on the merits at all. The Government ought not be permitted to conduct discovery on the merits in order to bolster a defective Complaint.

Moreover, if the Government is permitted to conduct discovery on the merits, then so should Ms. Thompson-Joyner. Yet, if the parties proceed to discovery on the merits, it defeats the purpose of a motion to dismiss – to test the sufficiency of a Complaint before the parties, and the Court, expend considerable resources in litigation of a facially non-meritorious action. These circumstances justify the Court's exercise of discretion to stay discovery on the merits. *See Stanton v. District of Columbia Court of Appeals*, No. 99-7093, 1999 WL 1007366, 1 (D.C. Cir. Oct. 20, 1999) ("[T]he district court did not abuse its discretion in staying discovery pending a determination on appellee's motion to dismiss.").

The Government purported to serve the Special Interrogatories under the authority of Supplemental Rule G, but its reliance on the Rule is unavailing. The Rule only

5

permits Government to defer responding to a motion to dismiss pending inquiry into the issues identified in the Rule, not inquiry into the merits of this case, such as Ms. Thompson-Joyner's potential defenses. Specifically, Supplemental Rule G authorizes the Government to defer responding until it has served and received responses to "special interrogatories *limited to the claimant's identity and relationship to the defendant property* . . ." Supplemental Rule G(6)(a) (emphasis added); Supplemental Rule G(6)(c); *see* Advisory Committee Notes to Subdivision (6) (explaining that the rule is designed to allow the government to "gather information that bears on the claimant's standing").

Ms. Thompson-Joyner does not dispute the Government's right to inquire into her standing at this stage through the mechanism of Supplemental Rule G, but the Government's Special Interrogatories go beyond the limits of the rule. For instance, in Interrogatories 9 and 10, the Government purports to require Ms. Thompson-Joyner to:

9. Identify whether Mr. Thompson had a spouse and/or children at the time of his death. If so, provide their names, ages, relationship, and current contact information, including addresses. Exh. A at 6.

10. State all facts setting forth the source(s) of the defendant currency.

   a. If any of the defendant currency was from Mr. Thompson's employment, state when and where he was employed. Include in your response when the defendant currency was obtained (i.e., weekly, monthly), the amount obtained in each instance, and from where the currency was obtained (i.e., bank account).

   b. If any of the defendant currency was derived from funds from a bank account, state the amount of those funds, the name of the financial institution, the name of the account holder, the account number, the date on which the funds were withdrawn from the account and when they were provided to Mr. Thompson.

   c. If any of the defendant currency was accumulated from some source other than from employment, state with specificity the amount of that currency, the source of the currency, and when and how the currency was accumulated.

6

      d.    If any of the defendant currency was derived from third parties, who were those third parties (include their names and current contact information), what amount of the defendant currency was derived from third parties, and when and how did those third parties provide Mr. Thompson with the defendant currency.

      e.    If any of the defendant currency was derived from transactions with third parties, what was the business nature of each such transaction?

      f.    If any of the defendant currency was derived from transactions with third parties, what obligations did Mr. Thompson have to each such third party?

*See* Exhibit A, Special Interrogatories, at 6-7.

These Interrogatories have nothing to do with to do with Ms. Thompson-Joyner's "identity and relationship to the defendant property." For example, Interrogatory 10, which explicitly inquires into the *source* of the defendant currency, would only be relevant, if at all, to whether the Government can meet its burden of proving that the defendant currency is "proceeds traceable to an exchange of money or other things of value for a controlled substance," as it alleges. Complaint ¶ 19 (alleging Government's theory of forfeiture in this case and citing 21 U.S.C. § 881(a)(6)). The government has the burden to show this by a preponderance of the evidence. *Lopez v. United States*, No. 96-1972 (AK), 2006 WL 2788999, *13 (D.D.C. Sept. 26, 2006) (stating Government's burden of proof). Ms. Thompson-Joyner is not required to establish the source of the defendant property to which she claims an interest in order to establish standing; requiring her to do so would "improperly accelerate [] [her] ultimate burden to demonstrate that the funds are not connected to illegal drug activity." *Id.* at *6 (internal quotations omitted).

For a claimant to have standing, all that is required is that she have some "facially colorable interest in the proceedings sufficient to satisfy the case-or-controversy

7

requirement and the prudential considerations defining and limiting the role of the court." *Lopez*, 2006 WL 2788999, at * 3 (quoting *United States v. $557,933.89 More or Less, in U.S. Funds*, 287 F.3d 66, 78 (2d Cir. 2002)). This can be established by, among other things, a claim of ownership, *id.*; possession or constructive possession, *id.* at *3 n.5; or any kind of "dominion or control that indicates the existence of some financial stake in the *res*," *id.* at *4 (finding claimant had demonstrated a colorable interest where he submitted a sworn claim of ownership and where the Government's "own allegations demonstrated" that claimant controlled the currency). *See also United States v. Funds from Prudential Securities et al.*, 300 F. Supp. 2d 99, 106-08 (D.D.C. 2004) (finding that even if claimant's statement under oath that she owned the defendant property was insufficient to establish standing, standing established where Government also alleged it seized defendant currency from claimant's bank accounts).

For these reasons, Ms. Thompson-Joyner should not be required to respond to Interrogatories 9 and 10, nor any other Interrogatory or other propounded discovery to the extent it is, in whole or in part, interpreted to seek information beyond the scope of Supplemental Rule G(6).[1]

## Conclusion

For the foregoing reasons, Ms. Thompson-Joyner respectfully requests that this Court grant:

---

[1] *See, e.g.,* Interrogatory 1, Exh. A at 4 ("…and state all facts supporting your claim of interest"); Interrogatory 11, *id.* at 7 ("… and state your basis for claiming in this case on that person's behalf").

1)	an order extending by twenty-days the deadline for Ms. Thompson-Joyner to respond the Government's First Set of Special Interrogatories; and

2)	an order, pursuant to Federal Rule of Civil Procedure 26(c) and Rule G(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, staying discovery on the merits of this action, including but not limited to staying Ms. Thompson-Joyner's obligation to respond to those Special Interrogatories that do not relate to claimant's "identity" and "relationship to the defendant property" until 30 days after this Court rules on the Motion of Claimant Rita S. Thompson-Joyner to Dismiss the Complaint, filed July 22, 2008.

August 20, 2008                             Respectfully submitted,

                                            　　 /s/ Ann M. Mason　　　
                                            Elizabeth W. Newsom (D.C. Bar No. 445014)
                                            Ann M. Mason (D.C. Bar No. 491902)
                                            Crowell & Moring LLP
                                            1001 Pennsylvania Avenue, N.W.
                                            Washington, D.C. 20004-2595
                                            (202) 508-8802
                                            *Counsel for Claimant Rita S. Thompson-Joyner*

**Exhibit A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civil Action No. 07-CV-02155 (ESH) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| $9,436.00 in U.S. CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S FIRST SET OF SPECIAL INTERROGATORIES
## TO CLAIMANT RITA THOMPSON-JOYNER

Pursuant to Rule G(6), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, claimant is hereby required to answer the following Special Interrogatories, separately and fully, in writing, over claimant's signature and under oath, and to serve such responses within twenty (20) days, upon the undersigned Assistant United States Attorney, at the Office of the United States Attorney for the District of Columbia, 555 4th Street, N.W., Washington, DC 20530.

### INSTRUCTIONS FOR USE

1. The response to each discovery request shall include such knowledge of the claimant as is within your possession, custody or control, including but not limited to knowledge from documents in the possession, custody, or control of your investigators, employees, accountants, consultants, attorneys, or other agents. Where facts set forth in answers or portions thereof are supplied upon information and belief, rather than upon actual knowledge, the answer should so state, and specifically describe or identify the source or sources of such information

and belief. If you cannot answer in full, after exercising due diligence to secure the information requested, so state and answer to the fullest extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

2. In response to these discovery requests, attach a separate sheet of paper setting forth each request, followed by the answering information.

3. Where an individual interrogatory calls for an answer that involves more than one part or sub-part, each part of the answer should be set forth separately so that it is clearly understandable and responsive to the respective sub-part.

4. If you contend that the answer to any discovery request is privileged, in whole or in part, or otherwise object to any part of any discovery request below, or that an identified document would be excludable from production regardless of its relevance, state the reasons for such objection or grounds for exclusion, and identify each person having knowledge of the factual basis, if any, on which the privilege or other ground is asserted. In the event that objection is made to some portion of any request below, respond fully to that portion of the discovery request to which objection is not made.

5. In the event that your answer to any interrogatory is not "applicable" or any similar phrase or answer, explain in detail why the interrogatory is not applicable. In the event that your answer to the Interrogatory is "don't know" or any similar phrase or answer, explain in detail who, if anyone, would know the answer to the interrogatory or where the answer to the interrogatory might be found.

6. These interrogatories are intended as continuing interrogatories, requiring you to

answer by supplemental answer, setting forth any information within the scope of the interrogatories as may be acquired by you, your agents or representatives following your original answers.

## DEFINITIONS

The following definitions apply wherever the defined word appears in Plaintiff's First Set of Special Interrogatories to Claimant, except as otherwise indicated.

a. "You" or "Your" refers to Claimant, Rita Thompson-Joyner, your agents, affiliates, representatives, and attorneys. Where knowledge, information, or documents in your custody, control, or possession is requested or referred to, such request includes knowledge, information, or documents in the custody, control or possession of you and your agents, affiliates, representatives, and attorneys.

b. "Person" means any individual, partnership, corporation, association, government agency, or any other entity or any director, officer, employee, or agent of such person or entity. Person also includes the masculine as well as the feminine and the plural as well as the singular.

c. "Document" has the meaning attributed to it in Federal Rule of Civil Procedure 34, and means the original, all non-identical copies, and drafts of writings of any kind including, but not limited to, correspondence, memoranda, reports, minutes, pamphlets, notes, letters, telegrams, messages (including reports, notes and memoranda of telephone conversations and conferences), calendar and diary entries, records, data, computerized data, and compilations. All attachments or enclosures to a document are deemed to be part of such document.

d. "Identity or identify" with respect to a person means to provide the name and last known address, and telephone of such person, as well as the name, address and telephone of the

last known place of business where such person is or was employed or headquartered.

e. "Identity or identify" with respect to documents, reports, or exhibits means to state the author or creator, addressee, persons copied, date, subject matter, and character (e.g., letter, memorandum, chart, etc.) and shall refer to all documents, reports, or exhibits within the possession, custody, or control of plaintiff, or any of her agents, representatives, and attorneys.

f. "Refer" or "relate" when referring to a document or communication, includes any document or communication that constitutes, contains, embodies, reflects, identifies, states, refers directly or indirectly to, describes, discusses, assesses, or is in any way relevant to the particular subject matter defined.

g. "State all facts" means to state all facts discoverable under Rule 26(b) of the Federal Rules of Civil Procedure that are known to you or your investigators, attorneys, or agents. When used in reference to a contention, "state all facts," or "identify all documents," your answer should include all communications negating, as well as supporting, the contention. When in reference to a contention, "identify each person," your answer should include persons having knowledge of facts negating, as well as supporting the contention.

h. "And" and "or" shall be construed conjunctively and disjunctively so as to provide the broadest possible meaning.

## INTERROGATORIES

1. Are you claiming that you have an interest in all or a portion of the $9,346.00 defendant currency? If so, indicate the amount of the defendant currency that you claim and state all facts supporting your claim of interest.

2. What type of property interest do you claim in the $9,346.00 defendant currency

Page -4-

(i.e., ownership, bailor)? State the basis for the type of property interest you claim, and identify all documentation that supports your claim.

3. If you are claiming that your interest in the defendant currency is based upon a power of attorney, state all facts regarding the nature of the power of attorney and the circumstances surrounding your acquiring the power of attorney, including in your answer the date you were granted the power of attorney, the authority granted by the power of attorney, and what type of power of attorney you acquired (i.e., general, durable).

4. Upon what basis does the power of attorney provide you with authority to file a claim on behalf of the defendant currency in this judicial forfeiture matter, and identify all documentation that supports your claim.

5. State all facts surrounding the basis on which you may act as power of attorney after Daniel M. Thompson's ("Mr. Thompson") death. Identify all documentation that supports your claim.

6. If you are claiming that your interest in the defendant currency is based upon anything other than a power of attorney, state all facts describing the nature of that basis and identify all documentation that supports your claim.

7. Are you the executor or personal representative of Mr. Thompson's estate? If so, identify any and all documentation that supports your claim. If you are not the executor or personal representative of Mr. Thompson's estate, identify the executor or personal representative of his estate.

8. In your claim, you assert that you acquired power of attorney for Mr. Thompson on August 28, 2007, and that he died on December 1, 2007. State the date on which you gained

knowledge of his death.

9. Identify whether Mr. Thompson had a spouse and/or children at the time of his death. If so, provide their names, ages, relationship, and current contact information, including addresses.

10. State all facts setting forth the source(s) of the defendant currency.

    a. If any of the defendant currency was from Mr. Thompson's employment, state when and where he was employed. Include in your response when the defendant currency was obtained (i.e., weekly, monthly), the amount obtained in each instance, and from where the currency was obtained (i.e., bank account).

    b. If any of the defendant currency was derived from funds from a bank account, state the amount of those funds, the name of the financial institution, the name of the account holder, the account number, the date on which the funds were withdrawn from the account and when they were provided to Mr. Thompson.

    c. If any of the defendant currency was accumulated from some source other than from employment, state with specificity the amount of that currency, the source of the currency, and when and how the currency was accumulated.

    d. If any of the defendant currency was derived from third parties, who were those third parties (include their names and current contact information), what amount of the defendant currency was derived from third parties, and when and how did those third parties provide Mr. Thompson with the defendant currency.

    e. If any of the defendant currency was derived from transactions with third parties, what was the business nature of each such transaction?

    f. If any of the defendant currency was derived from transactions with third parties, what obligations did Mr. Thompson have to each such third party?

   11. If you allege that at the time of its seizure any of the defendant currency belonged to some person (or entity) other than Mr. Thompson, identify that person, including that person's current contact information. Indicate why that person's (or entity's) property was held by Mr. Thompson and state your basis for claiming in this case on that person's (or entity's) behalf.

* * *

DATED this 30th day of July, 2008.

Respectfully submitted,

/s/ _____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

/s/ _____
WILLIAM R. COWDEN, D.C. Bar #426301
Assistant United States Attorney

/s/ _____
DIANE G. LUCAS, D.C. Bar #443610
Assistant United States Attorney
U.S. Attorney's Office
Criminal Division
555 Fourth St., N.W., Rm. 4822
Washington, D.C. 20530
202-514-7912
Diane.Lucas@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that on this <u>30th</u> day of July, 2008, a true and correct copy of the foregoing PLAINTIFF'S FIRST SET OF SPECIAL INTERROGATORIES TO CLAIMANT was mailed via postage paid first class mail, to counsel for claimant, Rita Thompson-Joyner, Ann M. Mason, Esquire and Elizabeth W. Newsom, Esquire, Crowell & Moring LLP, 1001 Pennsylvania Avenue, NW, Washington, D.C. 20004.

/s/ _[signature]_
Diane G. Lucas
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>$9,436.00 )<br>IN UNITED STATES CURRENCY, )<br>)<br>Defendant. )<br>) | C.A. No. 1:07-cv-02155-ESH |

**ORDER**

Upon consideration of the Unopposed Motion for Extension of Time to Respond to Government's First Set of Special Interrogatories of Claimant Rita S. Thompson Joyner & Motion for a Stay of All Discovery on the Merits of Claimant Rita S. Thompson-Joyner, the Government's response, Claimant's reply, and the entire record, it is by the Court this _____ day of _____, 2008,

ORDERED the deadline for Claimant Rita S. Thompson-Joyner to respond the Plaintiff the United States' First Set of Special Interrogatories is extended by twenty days up to and including September 11, 2008; and it is further

ORDERED that all discovery relating to the merits of this case or otherwise not limited to the claimant's identity and relationship to the defendant property, including but not limited to any such discovery sought in the Government's First Set of Special Interrogatories, is stayed until 30 days after this Court resolves the Motion of Claimant Rita S. Thompson-Joyner to Dismiss the Complaint (Docket No. 5, filed July 22, 2008).

Dated _____                    _____
                                            HONORABLE ELLEN SEGAL HUVELLE
                                            UNITED STATES DISTRICT JUDGE